UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCIA JACKSON,

        Plaintiff,

v.

STATE FARM INSURANCE,
HERBERT WENSLEY, and
LYNETTE BROWN BENNETT,

        Defendants.

Case No. **24-cv-2561-JAR-TJJ**

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se,* filed a Civil Complaint (ECF No. 1) against Defendants for an insurance claim she submitted for injuries she suffered from a slip and fall in January 2024. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 5).

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors. While Plaintiff has adequately shown she made diligent efforts to obtain counsel on her own by listing the names of six attorneys or law firms she conferred with regarding legal representation, the Court concludes the other factors do not warrant the appointment of counsel at this time.

A review of Plaintiff's filings to date shows that Plaintiff appears capable of adequately representing herself at this early stage of the proceedings. The factual and legal issues do not

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

appear overly complex. While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[6] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated December 20, 2024, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[6] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).