UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCIA JACKSON,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

Case No. **24-cv-2561-JAR-TJJ**

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se,* filed a Civil Complaint (ECF No. 1) against Defendant for an insurance claim she submitted for injuries she suffered from a slip and fall in January 2024. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 70) and related Motion to Request Court Expedite Ruling (ECF No. 79). This is Plaintiff's fourth motion requesting the Court appoint her counsel.[1] Plaintiff's one-sentence motion contains no reasons for her most recent request, but her motion requesting the Court expedite its ruling, filed on June 9, 2025, states she has a cataract problem, her eyes are developing new symptoms that impact her vision, and she does not know how long it will take for both eyes to heal.[2]

The Court denied all Plaintiff's prior motions for appointment of counsel without prejudice. The latest Order denying her third motion limited Plaintiff to refiling another motion "if her case

---

[1] *See* Plaintiff's previous motions (ECF Nos. 5, 30, 46).

[2] ECF No. 79.

survives <u>after</u> the Court rules on Defendant's motion to dismiss or motion for summary judgment."[3] Defendant's motion to dismiss (ECF No. 48) remains pending.

The Court reminds Plaintiff that, while a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[4] Plaintiff filed this *civil* action and therefore has no constitutional right to be represented by counsel. Furthermore, the appointment of counsel in a civil case brought by a *pro se* plaintiff is very rare. This is because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's fourth motion for appointment of counsel under the applicable factors for a party proceeding *in forma pauperis*.[6] Those factors are: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7]

---

[3] Order (ECF No. 51).

[4] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[5] *See id.* ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[6] *See* 28 U.S.C. § 1915(e)(1) (provides discretionary authority to "request an attorney to represent any person unable to afford counsel").

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court again finds the applicable factors do not warrant the appointment of counsel at this time. As previously noted, Plaintiff's filings to date shows she appears capable of adequately representing herself at this early stage of the proceedings. Since filing her Complaint six months ago, Plaintiff has filed approximately twenty motions and successfully amended her complaint. Plaintiff has also appeared at the March 24, 2025 telephone status conference and May 8, 2025 scheduling conference and shown herself to be capable of representing herself.[8] The Court is sympathetic to Plaintiff's physical limitations and recognizes her "cataract problems" make it more difficult, however, the docket reflects Plaintiff continues to be able to draft and file motions and other filings in this case despite these limitations.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 70) is denied without prejudice. Plaintiff may refile her motion requesting the appointment of counsel but only if her case survives after the Court rules on Defendant's motion to dismiss (ECF No. 48) or motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling (ECF No. 79) is moot.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated June 13, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[8] *See* Status Conf. Order (ECF No. 40) and Sch. Order (ECF No. 61).