# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARCIA JACKSON,

    **Plaintiff,**

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

    **Defendant.**

Case No. 24-2561-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Marcia Jackson, proceeding pro se and in forma pauperis, brings this action against Defendant State Farm Fire and Casualty Company, alleging state law claims for negligence based on premises liability and defamation. Before the Court is Plaintiff's Application for Clerk's Entry of Default (Doc. 63), Plaintiff's Motion to Compel Answer (Doc. 78), and Defendant's Motion to Dismiss First Amended Complaint (Doc. 48). The Court has considered the parties' many filings and is prepared to rule. For the reasons described below, the Court denies Plaintiff's motions for default and to compel Defendant to file an answer to the First Amended Complaint. The Court grants Defendant's motion to dismiss.

**I.     Plaintiff's Request for Default and to Compel Defendant to Answer**

Plaintiff asks the Court to enter default judgment because Defendant failed to file an answer to the First Amended Complaint. She also asks the Court to compel Defendant to file a responsive pleading. When a party fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, default should be entered against that party.[1] Under Fed. R. Civ. P.

---
[1] Fed. R. Civ. P. 55(a).

15(a)(3), a responsive pleading is due within 14 days of service of an amended pleading. But this deadline is altered under Rule 12 if a motion to dismiss under Rule 12(b) is filed. When a defendant files a motion raising one of the defenses under Rule 12(b), it "must be made *before* pleading if a responsive pleading is allowed."[2] If the Court denies the motion to dismiss, the responsive pleading is then due 14 days after the ruling.[3]

Here, Plaintiff's First Amended Complaint was entered on March 27, 2025.[4] On April 10, 2025, 14 days later, Defendant filed its motion to dismiss under Rule 12(b)(1) and 12(b)(6) instead of filing a responsive pleading. Thus, Plaintiff cannot demonstrate that Defendant "failed to plead *or otherwise defend*"[5] as required by the rule and her application for default must be denied. Plaintiff's motion to compel Defendant to file an answer is also denied because Defendant opted to file a motion to dismiss under Rule 12(b), so its responsive pleading is not required unless the Court denies the motion to dismiss.

As part of Plaintiff's misunderstanding of the pleading rules, she also argues in response to the motion to dismiss that Defendant was only permitted to file one motion to dismiss during the course of the litigation, and since Defendant moved to dismiss the original complaint before Plaintiff amended, it may not file another motion to dismiss the amended pleading. But Defendant's first motion to dismiss sought dismissal of Plaintiff's *original* complaint. After Magistrate Judge James allowed her to amend and she filed the First Amended Complaint, this Court found Defendant's motion to dismiss moot because the pleading it sought to dismiss was no longer operative. The motion to dismiss now before the Court seeks to dismiss Plaintiff's

---

[2] Fed. R. Civ. P. 12(b) (emphasis added).

[3] Fed. R. Civ. P. 12(a)(4)(A).

[4] Doc. 41.

[5] Fed. R. Civ. P. 55(a).

First Amended Complaint. Nothing in the rules precludes Defendant from filing a new motion to dismiss the amended, now-operative pleading.

## II.     Motion to Dismiss

Defendant moves to dismiss this case for lack of jurisdiction and for failure to state a claim. In the alternative, it asks the Court to require Plaintiff to file a more definite statement. As described below, the Court grants the motion to dismiss for failure to state a claim. Thus, the Court does not reach Defendant's alternative motion for more definite statement.

### A.     Legal Standards

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a claim where the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[6] Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States or where there is diversity citizenship.[7] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[8] The party asserting the existence of federal subject matter jurisdiction bears the burden of establishing that such jurisdiction exists.[9]

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[10] and must include "enough facts to state a claim to relief that is plausible on its face."[11]

---

[6] *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

[7] 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity of citizenship).

[8] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[9] *Id.*

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Id.* at 570.

those issues,"[19] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20]

### B.  First Amended Complaint

After an original complaint is filed, Fed. R. Civ. P. 15(a)(1) contemplates amending "once as a matter of course" under certain circumstances. After that, a party may only amend with consent, or the Court's leave.[21] After Plaintiff filed her original complaint in this case, she filed several pleadings attempting to supplement it and dismiss parties.[22] Defendant moved to dismiss the original complaint and, thereafter, Magistrate Judge James held a status conference. Judge James permitted Plaintiff to file an amended complaint by March 31, 2025. Plaintiff complied and filed the First Amended Complaint on March 26, 2025,[23] but again proceeded to file supplements and motions to further amend.[24] On April 15, 2025, Judge James granted in part and denied in part Plaintiff's motion for leave to further amend and add exhibits.[25] Judge James directed that the two exhibits referenced in her motion for leave to add exhibits be attached to the First Amended Complaint. Judge James otherwise denied the motion. Therefore, the operative pleading is Plaintiff's First Amended Complaint, as supplemented by two exhibits Plaintiff filed on April 3, 2025.[26]

---

[19] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[20] *Whitney*, 113 F.3d at 1175.

[21] Fed. R. Civ. P. 15(a)(2).

[22] *See* Docs. 6–11, 15, 18–20.

[23] Doc. 41.

[24] Docs. 43, 44, 53, 64.

[25] Doc. 50.

[26] Doc. 44 at 2–3; *see also* Doc. 50.

In the First Amended Complaint, Plaintiff lists herself, a Kansas citizen, as the sole Plaintiff, and Defendant, an Illinois citizen, as the sole Defendant. She seeks damages in the amount of $950,000. Nonetheless, Plaintiff marked the following box on the portion of the form complaint for jurisdiction founded on grounds other than diversity: "This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)."[27]

In her statement of claims, Plaintiff alleges that on January 11, 2024, she slipped and fell on ice when taking out the trash at her residence in Lenexa, Kansas—Rosewood Place Apartments. She suffered a radius fracture in her wrist and a back injury. She alleges premises liability and negligence and seeks compensatory damages for her injuries and emotional distress. Plaintiff also alleges a defamation claim based on unidentified statements by one of Defendant's insurance adjusters.

### C. Discussion

#### 1. Subject-Matter Jurisdiction

Defendant first moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Defendant argues that 28 U.S.C. § 1343 cannot be a basis for the Court's jurisdiction here because this is not a civil or equal rights case; Plaintiff only asserts state-law causes of action. While Defendant may be correct, the Court must liberally construe the Complaint. When doing so, it is apparent that the Court has diversity jurisdiction over the state law claims asserted in this action because Plaintiff has alleged that the parties are citizens of

---

[27] Doc. 41 at 3.

6

different states and that the amount in controversy exceeds $75,000.[28]  Thus, the Court is satisfied that it has subject-matter jurisdiction over this action.[29]

### 2. Failure to State a Claim

Next, the Court turns to Defendant's motion to dismiss for failure to state a claim.  When a federal court sits in diversity, it generally applies the forum state's choice-of-law rules.[30]  Under Kansas choice-of-law rules, the law of the state where the tort occurs controls.[31]  Plaintiff alleges that the negligence and defamation occurred in Kansas, so Kansas law applies.

#### a. Negligence

Defendant first moves to dismiss the negligence and premises liability claims on the basis that Plaintiff fails to allege that Defendant owed a duty that would trigger tort liability under these theories of relief.  Under Kansas law, negligence claims, including those based on premises liability, require a Plaintiff to show "four well-known elements—that a duty is owed to the plaintiff; that a breach of that duty has occurred; that the breach of duty has caused the plaintiff's injury; and that damages have been suffered by the plaintiff—in short: duty, breach, causation, and damages."[32]  In terms of the existence of a duty in premises liability cases, "an owner or operator of a place open to the public has a duty to warn of any dangerous condition that the owner or operator knows about—or should know about—if exercising reasonable care while

---

[28] *See* 28 U.S.C. § 1332(a).

[29] Plaintiff argues in her brief that this Court has *personal* jurisdiction over Defendant.  But Defendant does not challenge personal jurisdiction, a motion that would arise under Fed. R. Civ. P. 12(b)(2).  Plaintiff also incorrectly relies on several Kansas statutes as a basis for jurisdiction in her response brief.  These state statutes do not provide this federal court with jurisdiction over her claims.  Instead, the Court finds that the facts alleged in the First Amended Complaint satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a).

[30] *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).

[31] *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985).

[32] *Corazzin v. Edward D. Jones & Co.*, 530 P.3d 445, 449 (Kan. Ct. App. 2023).

tending to the business."[33]  The existence of a duty is a question of law.[34]  And "[t]he existence or nonexistence of an agency relationship is a question of law for the court to decide."[35]

Here, Plaintiff alleges that Defendant failed to meet the standard of care required; namely, there was no warning of a dangerous condition by the trash dumpster and there was no maintenance at the building for some period of time, which caused her to fall and suffer injuries. But Plaintiff admits in her response to the motion to dismiss that Defendant here is the insurance carrier for Rosewood Apartments, not the owner or operator of Rosewood Apartments.  Thus, Plaintiff has failed to allege sufficient facts that would demonstrate Defendant had a duty to warn Plaintiff of any dangerous condition that caused her to slip and fall, or that it had knowledge of any such dangerous condition.  There are no facts alleged that would allow the Court to reasonably infer that Defendant, as an insurance carrier, is the owner or operator's agent for purposes of premises liability.

Plaintiff asserts in her response that this is "how insurance policies work."[36]  But in order for this Defendant to be held liable, Plaintiff needs to show that it either directly owed her a duty or that it was an agent of the owner or operator of the premises.  As stated above, there are no facts to support Defendant directly owing Plaintiff a duty, and there are no facts to support an express or implied agency relationship here.[37]  While Defendant may have a contractual insurance relationship with its insured, there are no facts alleged to support that it owed a duty to Plaintiff to ensure that warning signs were placed where she slipped and fell, or maintain its

---

[33] *Id.*

[34] *Bichelmeyer Meats v. Atl. Ins.*, 42 P.3d 1191, 1195 (2001)

[35] *Id.*

[36] Doc. 56-1 at 6.

[37] *See Bichelmeyer Meats*, 42 P.3d at 1196 (discussing express and implied agency).

insured's premises. "If no duty exists, there can be no negligence."[38] Because Plaintiff has not alleged facts to support a duty that Defendant owed Plaintiff that would support negligence based on premises liability, Defendant's motion to dismiss these claims is granted.

### b. Defamation

Next, Defendant moves to dismiss Plaintiff's defamation claim based on alleged defamatory statements by one of Defendant's insurance adjusters. Under Kansas law, "[t]he elements of defamation include false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed."[39] Plaintiff's only allegations on this claim are: "Plaintiff would like to be compensated for . . . all damages related to claim of deframation [sic] of character by adjuster Lynette Brown Bennett."[40] This allegation is a bare legal conclusion only—that Defendant's adjuster defamed her—which the Court does not credit when evaluating whether Plaintiff states a claim upon which relief can be granted.[41] Plaintiff fails to offer any facts in her pleading that would support the elements of a defamation claim. She provides a few additional facts in her response, including that the adjuster accused her of lying in her witness statement, and appears to suggest that any filings Defendant submits in this lawsuit that become public would attack her character. But she fails to allege any false and defamatory words communicated to a third party, nor does she identify how or why these words would be made public in this case. Accordingly, Plaintiff's defamation claim is also dismissed.

---

[38] *Corazzin*, 530 P.3d at 450 (quoting *Fountain v. Se-Kan Asphalt Servs., Inc.*, 837 P.2d 835, 838 (Kan. Ct. App. 1992)).

[39] *Marcus v. Swanson*, 539 P.3d 605, 609 (Kan. 2023) (quoting *Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002)).

[40] Doc. 41 at 3.

[41] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### D. Leave to Amend

While the Court recognizes the general rule that pro se parties generally should be allowed leave to amend, it may appropriately dismiss a claim without prejudice "where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[42] "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[43]

Here, the Court has reviewed Plaintiff's proposed amendments and supplements and determines that they would not cure the errors identified in this opinion. As a matter of law, the Court has determined that Plaintiff has not alleged facts that would support a negligence-based claim against this insurer-defendant. And none of Plaintiff's proposed amendments provide any further detail about the defamation claim. Thus, allowing her to amend would be futile. The Court determines that Plaintiff cannot prevail on any of the facts alleged in the Complaint, and finds that it would be futile to allow her leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Application for Clerk's Entry of Default (Doc. 63) and Plaintiff's Motion to Compel Answer (Doc. 78) are **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss First Amended Complaint (Doc. 48) is **granted**. Plaintiff's claims are dismissed without prejudice. The Clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

---

[42] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration omitted) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[43] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

Dated: June 18, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

11